| | | |
|---|---|---|
| STATE OF INDIANA | ) | HUNTINGTON SUPERIOR COURT |
| | ) | |
| COUNTY OF HUNTINGTON | ) | CAUSE NO._____ |
| | | |
| CYNTHIA REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL ALUMINUM | ) | |
| MFG. COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff Cynthia Reynolds filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about July 30, 2020, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights on September 29, 2020 (Exhibit "B"), and this Complaint has been filed within ninety (90) days after receipt thereof.

2. Defendant General Aluminum Mfg. Company is a corporation authorized to do business in the State of Indiana, and does so at 1345 Henry Street, Huntington, Indiana 46750. At all material times to this Complaint, Defendant was an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3. Plaintiff alleges that she was the victim of a sexually-hostile work environment while employed with Defendant based upon the facts and allegations set forth in her EEOC Charge of Discrimination (Exhibit "A"). Plaintiff refused the sexual advances of her direct supervisor (Pat Cook). Plaintiff turned Mr. Cook down when he asked her out

on dates, and Plaintiff was retaliated against for doing so. After complaining about the sexual harassment, Plaintiff was denied a raise and her parts would get inappropriately rejected. Plaintiff became fearful, emotional, and cried uncontrollably, so the sexual harassment, and subsequent retaliation affected the terms, conditions, and benefits of her employment.

4. After complaining about the sexual advances of Mr. Cook (which started an investigation), Plaintiff was told to return to work, keep her head down, and "act like an adult."

5. After calling off work for several days because she could not stand working under Mr. Cook, Plaintiff was told to come back to work because Mr. Cook at quit.

6. Soon after returning to work on February 12, 2020, other employees treated Plaintiff rudely and yelled at her, insinuating that Plaintiff was responsible for getting Mr. Cook fired.

7. On February 18, 2020, Plaintiff was told by Defendant's management that the raise which had previously been given to her was now "under review".

8. Due to the retaliation and hellish work environment experienced by Plaintiff, she had to resign and find other employment.

9. As a direct and proximate result of the sexual harassment and retaliation experienced by Plaintiff, Plaintiff suffered a loss of income, emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other damages and injuries for which she seeks compensatory damages.

10. The actions of the Defendant and its agents in sexually harassing Plaintiff, and

retaliating against Plaintiff for reporting that harassment, were intentional and in reckless disregard of Plaintiff's federally protected civil rights under Title VII warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, pecuniary damages, punitive damages, reasonable attorney's fee and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff